IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL HAMLIN,** | Case No. 5:17 CV 1443 |
| Petitioner, | Judge James G. Carr |
| v. | Magistrate Judge James R. Knepp, II |
| **WARDEN LASHAUNN EPPINGER,** | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Petitioner Michael Hamlin ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent LaShaunn Eppinger, Warden of Grafton Correctional Institution, ("Respondent") filed a Motion to Dismiss Habeas Petition (Doc. 10), Petitioner filed a Reply / Traverse (Doc. 11), and Respondent filed a Sur-reply (Doc. 12). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated November 14, 2017). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

### FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based

on the state trial court record. *Mitzel*, 267 F.3d at 530. Here, the Ohio Ninth District Court of Appeals set for the following facts:

> {¶ 2} Hamlin was charged with rape of a child under the age of 13 and gross sexual imposition. Pursuant to a plea agreement that removed the age of the victim as an element of the offense, he pleaded guilty to both counts. The parties jointly recommended a sentence of ten years for rape and four years for gross sexual imposition, with those sentences to be served consecutively. During the sentencing hearing, the trial court asked the parties whether the offenses should merge for sentencing. Hamlin's counsel advised the court that the offenses should not merge and that there was no need to conduct a merger analysis.
>
> {¶ 3} The trial court imposed the agreed sentence. The court also ordered Hamlin to have no contact with the victim.

(Ex. 11, Doc. 10-1, at 66-71); *State v. Hamlin*, 2016 WL 1134392 (Ohio Ct. App.).

**PROCEDURAL HISTORY**

<u>State Court Conviction</u>

In January 2014, a Summit County Grand Jury indicted Petitioner on one count of rape, and one count of gross sexual imposition. (Ex. 1, Doc. 10-1, at 4). Petitioner entered a plea of not guilty at his arraignment. (Ex. 2, Doc. 10-1, at 6). Petitioner later withdrew his not guilty plea, and pleaded guilty to one count of rape, and one count of gross sexual imposition. (Ex. 3, Doc. 10-1, at 7-10). As part of the plea, the State and Petitioner jointly recommended consecutive prison terms of ten years on the rape count, and four years on the gross sexual imposition count, for an aggregate sentence of fourteen years. *Id*. Petitioner was also ordered to have no contact with the victim or the victim's family. *Id.* at 8.

<u>Direct Appeal</u>

Petitioner, *pro se*, filed an untimely notice of appeal to the Ninth District Court of Appeals, Summit County, Ohio (Ex. 4, Doc. Doc. 10-1, at 12), while simultaneously filing a motion for leave to file delayed appeal (Ex. 5, Doc. 10-1, at 14-18). In his motion, Petitioner asserted he was not informed of his right to appeal. (Ex. 5, Doc. 10-1, at 17). On January 27, 2015, the Ninth

2

District Court of Appeals granted Petitioner's motion and appointed him counsel. (Ex. 6, Doc. 10-1, at 19-20).

In his counseled brief, Petitioner raised two assignments of error:

1. THE TWO CONVICTIONS AND TWO SENTENCES VIOLATE THE DOUBLE JEOPARDY PROTECTION OF THE U.S. CONSTITUTION BECAUSE THE INDICTMENT INCLUDES THE IDENTICAL DATE RANGE FOR BOTH OFFENSES, AND THEREFORE BOTH CONVICTIONS AND SENTENCES MAY BE FOR A SINGLE ACT OCCURRING ON THE SAME DATE, CONSTITUTING PLAIN ERROR.

2. THE SENTENCING ENTRY IMPOSES A PRISON TERM AND A NO CONTACT ORDER WHICH IS VOID AS A MATTER OF LAW AS EXPLAINED BY STATE V. ANDERSON.

(Ex. 8, Doc. 10-1, at 23). The State filed a response opposing Petitioner's first assignment of error, and conceding the second. (Ex. 9, Doc. 10-1, at 46-49). Petitioner filed a reply brief. (Ex. 10, Doc. 10-1, at 57).

On March 23, 2016, the Ninth District Court of Appeals overruled Petitioner's first assignment of error, finding it was without jurisdiction to review the agreed sentence. (Ex. 11, Doc. 10-1, at 69); *Hamlin*, 2016 WL 1134392 at ¶16. The court sustained Petitioner's second assignment of error and remanded the case to the trial court with an order to vacate the no-contact order. *Id.* at 70. On March 29, 2016, the trial court vacated the no-contact order. (Ex. 12, Doc. 10-1, at 72).

On May 19, 2016, Petitioner, *pro se*, filed an untimely notice of appeal to the Ohio Supreme Court (Ex. 13, Doc. 10-1, at 73), and simultaneously filed a motion for leave to file a delayed appeal (Ex. 14, Doc. 10-1, at 77). In his attached memorandum, Petitioner alleged a clerical error as the reason for untimely filing. *Id.* at 78. On July 27, 2016, the Ohio Supreme Court granted Petitioner's motion for delayed appeal. (Ex. 15, Doc. 10-1, at 87).

On August 26, 2016, Petitioner filed a Memorandum in Support of Jurisdiction. (Ex. 16, Doc. 10-1, at 88). In it, he set forth the following assignments of error:

1. DEFENDANT PRO SE, MICHAEL HAMLIN WAS DENIED BOTH THE TRANSCRIPT, AND DISCOVERY TO USE IN THE APPEAL PROCESS, WHICH IS A VIOLATION OF GRIFFIN VS. ILLINOIS AND DRAPER VS. WASHINGTON, AND APP.R.9.

2. SUMMIT COUNTY COURTS VIOLATED DEFENDANT PRO SE MICHAEL HAMLINS [sic] SIXTH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF COURT APPOINTED COUNSEL AND APPEALATE [sic] COUNSEL

3. VIOLATION OF CONSTITUTIONAL MIRANDA RIGHTS

4. VIOLATION OF DUE PROCESS UNDER UNITED STATES CONSTITUTION FOURTEENTH AMENDMENT

5. THE TWO CONVICTIONS AND TWO SENTENCES VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION, BECAUSE THE INDICTMENT INCLUDES IDENTICAL DATE RANGE FOR BOTH OFFENSES, AND THEREFORE BOTH CONVICTIONS AND SENTENCES MAY BE FOR A SINGLE ACT OCCURING ON THE SAME DATE, WITHOUT SEPARATE ANIMUS, CONSTITUTING PLAIN ERROR

(Ex. 16, Doc. 10-1, at 91). On January 25, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R.7.08(B)(4). (Ex. 17, Doc. 10-1, at 111).

Rule 26(B) Application

On April 7, 2016, Petitioner, *pro se*, timely filed an application for reopening pursuant to Ohio Appellate Rule 26(B). (Ex. 27, Doc. 10-1, at 148). On September 21, 2016, the Ninth District Court of Appeals denied his application for reopening on the grounds Petitioner failed to include a sworn statement as required by Ohio Appellate Rule 26(B)(2)(d), and he failed to assert one or more assignments of error as required by Rule 26(B)(2)(c). (Ex. 28, Doc. 10-1, at 153-54). Petitioner did not file an appeal to the Ohio Supreme Court.

4

Other Post-Conviction Filings

*Motion to Withdraw Guilty Plea*

On August 20, 2015, while his direct appeal was pending, Petitioner, *pro se*, filed a motion to withdraw his guilty plea. (Ex. 18, Doc. 10-1, at 112). In his memorandum in support, Petitioner alleged his trial counsel failed to address a *Miranda* violation, and also erred when he agreed to waive a pre-sentence investigation. *Id.* at 113. The motion was denied on September 8, 2015. (Ex. 21, Doc. 10-1, at 129).

*Post-Conviction Petition*

On August 31, 2015, Petitioner, *pro se*, filed a petition to vacate or set aside judgment of conviction or sentence in the Summit County Court of Common Pleas. (Ex. 19, Doc. 10-1, 119). In it, he raised the following issues:

1. *Miranda* violation. Never read *Miranda* rights.
2. Manifest injustice. Journal Entry states both parties waive PSI.
3. Double jeopardy. Failure to do merger analysis.

*Id*. at 121-23. The State filed a memorandum in opposition, asserting Petitioner's claims were barred by *res judicata*. (Ex. 20, Doc. 10-1, at 127). On September 9, 2015, the trial court denied Petitioner's motion, finding his claims were barred by the doctrine of *res judicata*. (Ex. 21, Doc. 10-1, at 129).

On October 14, 2015, Petitioner*, pro se*, filed an untimely notice of appeal to the Ninth District Court of Appeals. (Ex. 22, Doc. 10-1, at 130). On October 20, 2015, the appellate court dismissed his appeal, finding it lacked jurisdiction because Petitioner's notice of appeal was not filed in accordance with Appellate Rule 4(A). (Ex. 23, Doc. 10-1, at 131). Petitioner did not appeal to the Ohio Supreme Court.

5

On January 5, 2016, Petitioner, *pro se*, filed a delayed Ohio Appellate Rule 26(B) application to reopen his post-conviction appeal to the Ninth District Court of Appeals. (Ex. 24, Doc. 10-1, at 132). The State opposed the motion. (Ex. 25, Doc. 10-1, at 145). On February 2, 2016, the appellate court denied Petitioner's motion, finding Petitioner could not show ineffective assistance of counsel because he represented himself in post-conviction proceedings. (Ex. 26, Doc. 10-1, at 147). Petitioner did not appeal this decision to the Ohio Supreme Court.

### FEDERAL HABEAS CORPUS

The instant Petition was filed in July 2017 and challenges Petitioner's convictions and resulting sentences. (Doc. 1). Petitioner raises four grounds for relief:

**GROUND ONE**: Miranda Rights Violation

Supporting Facts: No Miranda Rights read or signed off on, and or acknowledged at time of arrest.

**GROUND TWO**: VI Amendment effective assistance of court appointed counsel and appellate counsel.

Supporting Facts: Counsel failed to file motions and to act in the interest of the client/ defendant.

**GROUND THREE**: Defendant was refused discovery and transcript App.R.9 [sic]

Supporting Facts: None listed

**GROUND FOUR**: Violation of Due Process XIV Amendment

Supporting Facts: Allied offenses of similar import and merger analysis, and test manifest weight of evidence.

(Doc. 1).

**DISCUSSION**

Respondent contends Grounds One through Three of the Petition are procedurally defaulted and Petitioner cannot show cause and prejudice to overcome the default. Respondent also contends Ground Four fails as procedurally defaulted or non-cognizable. For the reasons discussed below, the undersigned recommends the Petition be dismissed.

Procedural Default

Respondent asserts Petitioner's first through third grounds for relief are procedurally defaulted due to his failure to raise them to all levels of the Ohio courts. *See* Doc. 10. Specifically, Petitioner failed to present Grounds One and Two to the Ninth District Court of Appeals on direct appeal, and failed to raise Ground Three in his Ohio Appellate Rule 26(B) application to reopen. Petitioner does not address the defaults in his Traverse, nor does he offer cause and prejudice to overcome the defaults. *See* Doc. 11. Instead, Petitioner requests this Court issue an acquittal on the grounds asserted in his Petition, and argues the merits of those grounds. *Id.* at 39.

Petitioners must exhaust state court remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied when a petitioner has given "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The doctrine of exhaustion "requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). A claim cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.*; *see also Williams v. Wolfenberger*, 513 F. App'x 466, 68 (6th Cir. 2013) ("To satisfy this requirement, the petitioner must argue his claim under the same legal theory that was presented to the state courts.").

A procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan,* 526 U.S. at 842; *Anderson v. Harless,* 459 U.S. 4 (1982). In Ohio, "one complete round of the State's established appellate review process" means a defendant must fairly present his constitutional claims, on the record, to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver v. Straub,* 349 F.3d. 340, 346 (6th Cir. 2003) (quoting *O'Sullivan,* 526 U.S. at 845). This is to "[alert] [the state court] to the fact that the prisoner[] [is] asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (internal quotation marks omitted) (citations omitted). In order to accomplish this, a petitioner must fairly present the substance of his federal constitutional claims to the state courts before habeas relief. *Whitings v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). Hence, "a habeas petitioner must present both the factual and legal underpinnings of his claims to the state courts." *Id.* (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Further, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

If the state argues a petitioner has procedurally defaulted his claims, the Court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. The Court then determines whether the state courts actually enforced their procedural sanction;

3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

8

4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986).

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady,* 456 U.S. 152, 170 (1982) (emphasis in original).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[ ] a constitutional claim with a 'colorable showing of factual innocence.' " *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell,* 428 U.S. 465, 492-93 (1976)).

*Grounds One through Three*

Here, on direct appeal, Petitioner presented only two claims: (1) the two convictions and sentences violated the double jeopardy protection of the United States Constitution; and (2) the sentencing entry's no contact order was void as a matter of law. (Ex. 8, Doc. 10-1, at 23). To the Ohio Supreme Court, Petitioner raised his first claim again, along with four new issues. (Ex. 16,

9

Doc. 10-1, at 91). That first claim is now raised as Ground Four in his habeas petition. (Doc. 1, at 30). Grounds One through Three in the instant Petition were not presented to the Ninth District Court of Appeals on direct appeal.

Ground One is a claim based on the trial record – alleging a *Miranda* violation. (Doc. 1, at 21). In support, Petitioner asserts he was never read his *Miranda* rights. (Doc. 11, at 21). This is an alleged constitutional violation that preceded his guilty plea. A prisoner who has entered a guilty plea and who later attempts to attack his sentence collaterally through a federal habeas corpus action is limited to raising only the issue of whether his guilty plea was knowing and voluntary. *See United States v. Broce*, 488 U.S. 563, 576 (1989); *Tollett v. Henderson*, 441 U.S. 258, 267-68 (1973). The guilty plea serves as a valid waiver of constitutional violations that preceded the plea, including *Miranda* issues. *Brady v. United States*, 397 U.S. 742, 747-48 (1970).

Additionally, the doctrine of *res judicata*, as applied in Ohio, precludes a defendant from raising a claim that was previously fully litigated or that could have been fully litigated at trial or on direct appeal. *See State v. Perry*, 10 Ohio St. 2d 175, 180 (Ohio 1967); *see also State v. Cole*, 2 Ohio St. 3d 112, 113-14 (Ohio 1982). Because Petitioner failed to raise this claim on direct appeal, he is now precluded from doing so under *res judicata*. *Id*. Thus, because Petitioner did not raise this claim on direct appeal and now would be precluded from doing so, Ground One is procedurally defaulted.

Petitioner attempted to raise this *Miranda* issue in a post-conviction petition. Petitioner, *pro se*, filed an untimely notice of appeal to the Ninth District Court of Appeals. (Ex. 22, Doc. 10-1, at 130). On October 20, 2015, the appellate court dismissed his appeal, finding it lacked jurisdiction to consider it because Petitioner's notice of appeal was not filed in accordance with Appellate Rule 4(A). (Ex. 23, Doc. 10-1, at 131). Petitioner did not appeal to the Ohio Supreme

10

Court. Therefore, even if it were sufficient to raise the *Miranda* issue at this stage—and it is not—the claim would still be procedurally defaulted for failing to comply with Rule 4(A) and further for failure to appeal to the Ohio Supreme Court.

In Ground Two, Petitioner asserts both his trial and appellate counsel were ineffective. (Doc. 1, at 22). First, Petitioner failed to raise an ineffective assistance of trial counsel claim on his direct appeal despite being represented by different counsel. (Ex. 8, Doc. 10-1, at 23). He raised the issue for the first time on appeal to the Ohio Supreme Court (Ex. 16, Doc. 10-1, at 91). In Ohio, "one complete round of the State's established appellate review process" means a defendant must fairly present his constitutional claims, on the record, to the trial court, the court of appeals, and the Supreme Court of Ohio on direct appeal. *Caver,* 349 F.3d. at 346 (quoting *O'Sullivan,* 526 U.S. at 845). Petitioner missed a critical step in this process when he failed to present the claim to the court of appeals, and instead went directly to the Ohio Supreme Court. Thus, Petitioner's ineffective assistance of trial counsel claim is also procedurally defaulted.

Second, Petitioner's ineffective assistance of *appellate* counsel claim is also procedurally defaulted. Petitioner raised this claim to the Ohio appellate court in his Application for Reopening. (Ex. 24, Doc. 10-1, at 133). There, Petitioner alleged his appellate counsel was ineffective for "failing to file motions" to withdraw his plea. *Id*. Petitioner, however, failed to appeal the denial of his 26(B) application to the Ohio Supreme Court. Again, for the reasons cited above, because Petitioner did not fairly present this issue to all levels of the Ohio courts, he is unable to raise it here. Thus, as with his trial counsel claim, the ineffective assistance of appellate counsel claim is also procedurally defaulted. Ground Two should therefore be dismissed.

In Ground Three, Petitioner asserts his appellate counsel refused to provide him with discovery and a transcript. (Doc. 11, at 25). Petitioner filed an Ohio Appellate Rule 26(B)

11

application, however, the factual basis for this claim was not included among his alleged appellate counsel errors in the application. (Ex. 27, Doc. 20-1, at 148-49). Since the factual basis for this claim was not fairly presented in a federal constitutional context to the highest state court, it is also procedurally defaulted. *O'Sullivan* 526 U.S at 842; *Anderson,* 459 U.S. at 4; *Whitings*, 395 F.3d at 612. Ground Three should therefore be dismissed.

Petitioner did not fairly present Grounds One through Three to the Ohio courts. Fair presentation requires claims be presented at *each level* of state review so as to allow the state court a full opportunity to resolve any constitutional issues. *O'Sullivan*, 526 U.S. at 842; *Caver*, 349 F.3d at 346. The failure to do so results in a waiver of those claims under *res judicata*. *See O'Sullivan*, 526 U.S. at 842; *Cole*, 2 Ohio St. 3d at 113-14. Grounds One through Three are thus procedurally defaulted and may not be considered on habeas review unless Petitioner can show cause and prejudice, or a miscarriage of justice, to overcome the default.

*Cause & Prejudice*

In his Traverse, Petitioner does not address procedural default, nor does he offer any cause or prejudice analysis to overcome the defaults. *See* Doc. 11. To the extent Petitioner seeks to assert he can overcome his procedural default based on ineffective assistance of appellate counsel for his failure to raise these claims at the appropriate time, such a claim would also fail. A valid claim of ineffective assistance of appellate counsel may serve as cause to excuse a federal habeas Petitioner's procedural default. *See Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). However, such an ineffective assistance claim can only serve as cause if it is also not defaulted. *See Goldberg v. Money*, 692 F.3d 534, 537 (6th Cir. 2012) (citing *Edwards v. Carpenter*, 529 U.S. 446, 456 (2000)). Here, because Petitioner did not preserve any underlying ineffective assistance

of counsel claim by raising it at each level through the state courts, such a claim cannot serve as cause to overcome any default.

Thus, the undersigned finds Ground One through Three are procedurally defaulted, and Petitioner has not shown cause or prejudice to overcome the default. As such, the undersigned recommends that these grounds be dismissed.

*Ground Four*

In Ground Four, Petitioner argues his Fourteenth Amendment due process rights were violated when his convictions for rape and gross sexual imposition of a minor did not merge for the purpose of sentencing. (Doc. 1, at 30). In his supporting facts, Petitioner notes, "[a]llied offenses of similar import and merger analysis, and test manifest weight of evidence." *Id*. Respondent argues Petitioner's claims are waived because he entered into a negotiated plea agreement that included a valid agreed sentence under Ohio law, and he therefore forfeited his right to challenge the sentence. (Doc. 10, at 18). Respondent argues Petitioner's waiver is a procedural default which bars his habeas claim. *Id.* at 19. For the reasons outlined below, the undersigned recommends the court find Petitioner's fourth ground for relief is procedurally defaulted.

Petitioner raised an allied offense/merger issue in his direct appeal to the Ninth District Court of Appeals (Ex. 8, Doc. 10-1, at 23), and again to the Ohio Supreme Court (Ex. 16, Doc. 10-1, at 91). The Ninth District dismissed Petitioner's appeal and held:

> {¶ 6} A defendant may appeal his sentence pursuant to R.C. 2953.08. R.C. 2953.08(D)(1) establishes a statutory limit on a court of appeals' jurisdiction to hear an appeal of the defendant's sentence. It prevents appellate review of a sentence "if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Noling,* 136 Ohio St.3d 163, 2013–Ohio–1764, ¶ 22. Hamlin has argued that his sentence is not authorized by law because the trial court did not conduct an allied offense analysis; he has not challenged any other aspect of his sentence.

{¶ 7} There is no dispute that the sentence was jointly recommended and imposed by a sentencing judge. A sentence is authorized by law and is not appealable only if it comports with all mandatory sentencing provisions. *State v. Underwood,* 124 Ohio St .3d 365, 2010–Ohio–1, paragraph two of the syllabus.

{¶ 8} Hamlin relies on *Underwood,* which held that when a trial court imposes sentences for multiple convictions on offenses that are allied offenses of similar import, R.C. 2953.08(D)(1) does not bar appellate review of the sentence even though it was jointly recommended by the parties and imposed by the court. 124 Ohio St.3d 365, 2010–Ohio–1, at paragraph one of the syllabus. The Court also recognized an exception to this general rule, noting that the State and defendant can stipulate that the offenses were committed with a separate animus. *Id.* at ¶ 29.

{¶ 9} The Supreme Court reiterated this exception in *State v. Rogers,* 143 Ohio St.3d 385, 2015–Ohio–2459. The Court held that a defendant could waive the protection afforded by the allied offense statute. *Id.* at ¶ 20. One way for a defendant to do this is to stipulate in the plea agreement that the offenses were committed with a separate animus. *Id.*

{¶ 10} After reviewing the transcript of the sentencing hearing, we conclude that Hamlin waived the protection of the allied offense statute. When the prosecutor described the plea agreement at the start of the combined plea and sentencing hearing, he told the trial court that the parties agreed that the sentence should be a total of 14 years for the two offenses.

{¶ 11} Hamlin's attorney told the trial court that the prosecutor accurately stated the plea agreement. He addressed the offenses and said:

> Judge, I would ask you to structure that sentence as follows: To impose a ten-year sentence on Count 1, the rape charge, and a four-year sentence on the gross sexual imposition Count 2 charge, to be run consecutively for a total of 14 years.
>
> Mr. Hamlin is aware of his constitutional rights. I have explained those to him.

{¶ 12} Immediately after accepting Hamlin's guilty pleas, and finding him guilty, the following exchange occurred:

> With that being said, from the State of Ohio and, [Hamlin's counsel], I will ask you the same question, do we have any issues of merger with Count 1 and Count 2?

{¶ 13} The prosecutor responded that there was no issue of merger. Hamlin's attorney then said:

14

> It is a non-merger. We believe they were—consecutive sentences are appropriate.
>
> {¶ 14} The parties informed the trial court that these offenses were not allied offenses subject to merger. At both the plea and sentencing stage, Hamlin asserted that the offenses were not subject to merger. He waived any argument that these offenses were allied offenses by telling the court that merger was not an issue and consecutive sentences were appropriate.
>
> {¶ 15} Hamlin now argues that a forfeiture analysis is appropriate, but this is not a case where the defendant failed to timely assert a right. *Rogers* at ¶ 21. Rather, Hamlin intentionally abandoned a known right, the right to argue that the offenses were subject to merger, by affirmatively stating that merger does not apply and consecutive sentences are appropriate. *Rogers* at ¶ 20. The record demonstrates that Hamlin "intended to relinquish the opportunity to argue that he committed his offenses with the same conduct and the same animus." *Id.* Thus, Hamlin waived this issue.
>
> {¶ 16} Hamlin waived the merger issue he now asserts on appeal. Because the sentences complied with the mandatory-sentencing provisions, they were authorized by law. Accordingly, this Court is without jurisdiction to review the sentences, and the first assignment of error is overruled. *See Noling,* 2013–Ohio–1764, at ¶ 22.

*Hamlin*, 2016 WL 1134392 at ¶¶ 6-16. The Ohio Supreme Court subsequently declined to accept jurisdiction. (Ex. 16, Doc. 10-1, at 111).

In its ruling, the Ninth District held it lacked jurisdiction to consider the merger issue because Petitioner expressly waived it during his sentencing hearing. *Hamlin*, 2016 WL 1134392 at ¶ 15. The Court found waiver occurred during the sentencing hearing when Petitioner affirmatively stated on the record that merger did not apply in his case, and consecutive sentences on the two offenses were appropriate. *Id*. The court emphasized Petitioner was sentenced pursuant to a jointly-recommended sentence. *Id*. at ¶ 7.

Ohio Revised Code § 2953.08(D) precludes a defendant who has entered into, and benefitted from, a negotiated plea agreement from attacking the agreed sentence imposed. Under

15

Ohio law, a jointly recommended sentence authorized by law is not subject to appellate review.[1] *Cornell v. Jeffries*, 2006 WL 2583300, at *8 (S.D. Ohio) (citing *State v. Porterfield*, 106 Ohio St.3d 5, 10 (2005)); *State v. Ahladis*, 2011 WL 3558227, at *3 (Ohio Ct.App.) (citing *Porterfield*)); Ohio Rev.Code § 2953.08(D)(1). Accordingly, Respondent argues Petitioner's waiver is a procedural default which bars his habeas claim. (Doc. 10, at 19).

Here, as the Ninth District pointed out, Petitioner never objected to the merger of his crimes during the sentencing hearing. (Ex. 11, Doc. 10-1, at ¶¶ 11-14). Quite the opposite in fact – he *affirmatively* agreed to the merger, on the record, through his attorney. *Id.* at ¶ 13. The Ninth District therefore determined there was a procedural rule in place, which Petitioner failed to follow. *Id*. The Ninth District enforced the procedural rule of waiver by declining jurisdiction over the matter. *Id*. at ¶¶ 15-16. Thus, the first two prongs of *Maupin* are satisfied. *See Maupin* 785 F.2d at 138.

Turning now to the third prong of *Maupin*, the Sixth Circuit has held that Ohio's rule of procedural waiver is an adequate and independent state ground to bar habeas review. *Norris v. Schotten*, 146 F.3d 314, 322 (6th Cir. 1998); *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).[2]

---

1. The Supreme Court of Ohio has carved out an exception to the statutory bar, finding appellate review of an agreed sentence is appropriate when the sentence is improperly imposed for "allied offenses of similar import." *State v. Underwood,* 922 N.E.2d 923, 924 (2010). Here, the Ninth District held that *Underwood* is distinguishable from the case at bar because Petitioner stipulated on the record that the offenses were committed with separate animus, where *Underwood* did not. *Hamlin*, 2016 WL 1134392 at ¶ 8.

2. Even if this claim were not defaulted, Habeas relief would only be available if the petitioner demonstrated the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." *Rockwell v. Hudson*, 2007 WL 892985, at *6 (N.D. Ohio) (citing *Williams,* 529 U.S. at 412–413; *Lewis,* 497 U.S. at 780.). Here, Petitioner has not presented any arguments to suggest the Ninth District Court of Appeals application of Ohio Revised Code § 2953.08(D) was contrary to, or an unreasonable application of, a federal law.

Further, a challenge to a state court's interpretation and application of Ohio's jointly recommended sentencing laws is not cognizable in a federal habeas corpus action. *Rockwell v. Hudson*, 2007 WL 892985, at \*6 (N.D. Ohio) (citing *Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003); *Kipen v. Renico,* 65 F. App'x 958, 959 (6th Cir. 2003)).

Finally, in his supporting facts on Ground Four, Petitioner argues that his merger/allied offense error "test[s] the manifest weight of evidence". (Doc. 11, at 30). If Petitioner is attempting to raise a manifest weight of evidence claim, such a claim would also be procedurally defaulted because it was not raised on direct appeal to the Ninth District Court of Appeals. (Ex. 8, Doc. 10-1, 23). As noted above, federal courts will not consider the merits of a procedurally defaulted claim, unless Petitioner demonstrates cause for the default, and prejudice resulting therefrom, or where failure to do so would cause a fundamental miscarriage of justice. *See Wainwright*, 433, U.S. at 87; *see also Frady*, 456 U.S. at 167-68. In this case, Petitioner did not address his procedural defaults in his Traverse, nor has he presented any cause or prejudice to overcome this default. *See* Doc. 11.

Because Petitioner has not demonstrated the cause and prejudice needed to overcome the default, the undersigned recommends the court find Ground Four is procedurally defaulted.

New Claims

In his Traverse, Petitioner presents several issues for the first time including a lack of a criminal complaint, failure to bind his case over from Municipal to Common Pleas Court, and several others. (Doc. 11, at 11, 15-16, 20-21, 30).

The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed – but the rule is not

17

limitless. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within 21 days after service, or within 21 days after filing of a responsive pleading. After that time, Petitioner may amend only with written consent of the opposing party, or with leave of court. Fed. R. Civ. P. 15(a)(2). In this case, Respondent has indicated she does not consent (Doc. 12, at 2), and Petitioner has not filed a motion for leave to amend his petition. The rules also provide that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether justice requires permitting amendment, courts consider factors including, e.g., whether the amendment would be futile. *See Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

Even if the undersigned were to liberally construe the new claims raised in Petitioner's Traverse as a motion for leave to amend the Petition, the motion would be denied as futile. This is because each of the claims is based on the trial record, and was not raised on direct appeal. Thus, each would be barred by *res judicata* and procedurally defaulted. *See* 28 U.S.C. § 2254(b), (c); *see also O'Sullivan,* 526 U.S. at 842; *Cole*, 2 Ohio St. 3d at 113-14.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends Respondent's Motion to Dismiss (Doc. 10) be granted in its entirety.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).